UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:02-cr-00158-FDW

| | |
|---|---|
| USA, )<br>)<br>vs )<br>)     ORDER<br>TELLY SAVALAS ARMSTRONG, )<br>)<br>Defendant. )<br>) | |

THIS MATTER is before the Court on several pending motions: two Pro Se Motions for Compassionate Release, (Doc. Nos. 118, 123), and an Amended Motion for Compassionate release, filed by counsel, (Doc. No. 134). In light of counsel's filing of the Amended Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court concludes this document amends—and supersedes—the previous pro se motions filed by Defendant such that those motions are DENIED AS MOOT. For the reasons that follow, the Court DENIES the Amended Motion for Reduction of Sentence.

### I.     Background

In September of 2001, Defendant, accompanied by a companion on each occasion, violently robbed three businesses. Defendant first robbed an insurance company in Gaston County, North Carolina. During the robbery, he grabbed the manager of the business by her hair, "put a gun to the back of her head, and pulled her to the safe," where she was directed to open the safe. (Doc. No. 88). When the manager struggled to open the safe, Defendant's companion said to "kill the bitch." Id. The manager was able to open the safe, and Defendant and his companion stole an envelope of cash that was inside of the safe. Id. Defendant also put a gun to an employee victim's head during the second robbery, which was of a gaming establishment in Gaston County.

1

Id. After Defendant and a companion took money from the business and from the employee's purse, Defendant ordered the employee, at gunpoint, into the bathroom and then fled. Id. During the third robbery — this time of an ABC store in Bessemer City, North Carolina — Defendant grabbed a female employee by her hair, placed a gun to the back of her neck, and forced her to the rear room where a safe was located. Id. Defendant threatened to blow the employee's head off if she did not comply with his demand to open the safe. Id. Once the employee opened the safe, Defendant emptied the cash register drawer and stole a television and videocassette recorder. Id. At the time Defendant committed these offenses, he had previously been convicted of drug offenses, assault inflicting serious injury, and assault with a deadly weapon. Id. Defendant had received suspended sentences of five years in prison on one occasion and between 11 and 14 months in prison on another occasion. Id. He violated the terms of his probation both times and served an active sentence. Id. Defendant was also on supervised probation when he committed the robberies and had been released from custody less than six months earlier. Id. A federal grand jury indicted Defendant and charged him with Hobbs Act conspiracy, 18 U.S.C. §§ 371, 1951; three counts of Hobbs Act robbery, 18 U.S.C. § 1951; and three counts of using and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). (Doc. No. 1).

Defendant entered into a plea agreement with the United States, agreeing to plead guilty to two counts of using and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. No. 75). In exchange for Defendant's guilty plea, the United States agreed to dismiss the remaining charges against him.

This Court's probation office submitted a presentence report and determined that the Sentencing Guidelines advised the mandatory-minimum sentences of 7 and 25 years for Defendant's section 924(c) offenses. (Doc. No. 88). This Court sentenced Defendant to the

2

mandatory-minimum sentences — an aggregate term of 384 months in prison. The Court entered Judgement on March 15, 2005, (Doc. No. 84), and an Amended Judgment on April 5, 2005, (Doc. No. 86). Defendant is currently scheduled for release in January 2030, and he seeks a reduction in his sentence to time served because the amendments to mandatory minimums for 18 U.S.C. § 924(c) offenses result in a sentencing disparity for him and constitutes "extraordinary and compelling reasons" for his compassionate release. The Government opposes the motion.

## II.     Analysis

In general, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But a district court may reduce a sentence through a motion for compassionate release. Id. § 3582(c)(1)(A). If the defendant has administratively exhausted a claim for release with the Bureau of Prisons, this Court analyzes the motion in two steps.

First, the Court determines whether Defendant is eligible for a sentence reduction. A defendant is eligible if the court finds "extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i); see also United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021). Second, the court considers "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); see also Kibble, 992 F.3d at 331.

Relevant to the arguments in this case, the Fourth Circuit has explained:

> Congress didn't make the First Step Act retroactive. Pub. L. No. 115-391, 132 Stat. 5194, 5222; see also United States v. Jordan, 952 F.3d 160, 171–72 (4th Cir. 2020). So Congress didn't grant [the defendant] a sentence reduction as a matter of right. See United States v. McCoy, 981 F.3d 271, 287 (4th 2020) ("Not all defendants convicted under § 924(c) should receive new sentences, but the courts should be empowered to relieve some defendants of those sentences on a case-by-case basis." (cleaned up)).

United States v. Bond, 56 F.4th 381, 385 (4th Cir. 2023). In Bond, the defendant argued to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) because the discrepancy between his stacked

3

minimum sentence and a First Step Act minimum sentence constituted an extraordinary and compelling reason for compassionate release. The district court denied the defendant's motion for compassionate release and in doing so, "balanced the benefit of the plea agreement against the stacked minimum sentence for all charged counts, concluding the sentence [as imposed] remained a fair punishment for Bond's conduct." Id. at 384. The Fourth Circuit affirmed and explained, "We agree with the district court that (1) considering the plea agreement in this context reflected a 'respect for the law' and (2) reducing Bond's sentence so far below the initial Guidelines range wouldn't be 'just punishment' for Bond's crimes." 56 F.4th at 384–85. Bearing these principles in mind, the Court turns to Defendant's arguments in the instant motion.

Here, the parties agree Defendant exhausted his administrative remedies. (Doc. No. 137-2, p. 1). The parties also agree that if section 403 of the First Step Act was in effect when Defendant was sentenced, he would have received a sentence of no more than 7 years in prison for each of his section 924(c) sentences — for an aggregate sentence of 168 months in prison. See 18 U.S.C. § 924(c)(1)(A)(ii). The parties disagree, however, on whether the difference in the minimum sentences constitutes an extraordinary and compelling reason to reduce Defendant's sentence. In accordance with applicable Fourth Circuit law, the Court concludes the sentencing difference of 384 months as compared to 168 months constitutes an extraordinary and compelling reason for relief. McCoy, 981 F.3d at 285 ("[M]ultiple district courts have concluded that the severity of a § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an "extraordinary and compelling" reason for relief under § 3582(c)(1)(A). We find their reasoning persuasive." (collecting cases)); see also Bond, 56 F.4th at 383 "*Following our case law*, the district court found that Bond's

4

'excessive sentence relative to the mandatory minimum applicable today constitutes extraordinary and compelling reasons for release.'" (Emphasis added) (citing McCoy, 981 F.3d at 285–86)).

Having determined Defendant is eligible for a reduction because he has demonstrated an extraordinary and compelling reason for relief under § 3582(c)(1)(A), this Court must next consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A). Here, consideration of the applicable § 3553(a) factors counsels against any reduction in Defendant's sentence. U.S. v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[ ]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)."). "District courts must consider the following relevant § 3553(a) factors as they pertain to the defendant: the nature and circumstances of the offense; the history and characteristics of the defendant; the need to avoid unwarranted sentence disparities; and the need for the sentence imposed to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with training, medical care, or other correctional treatment in the most effective manner." United States v. Malone, 57 F.4th 167, 176 (4th Cir. 2023) (cleaned up). "'[A] particular fact need not be mentioned specifically in Section 3553(a) to be considered in the district court's sentencing calculus; many case-specific facts fit under the broad umbrella of the Section 3553(a) factors.'" Bond, 56 F.4th at 384 (quoting United States v. Jackson, 952 F.3d 492, 500 (4th Cir. 2020)).

In reconsidering all the § 3553(a) sentencing factors applicable here and applying them to the unique facts of this case, the Court highlights a few, including the nature and circumstances of

5

the offense and the history and characteristics of Defendant, as well as the need for the sentence to provide just punishment, afford adequate deterrence, and protect the public. Here, Armstrong's offense conduct was exceptionally violent. The nature of these multiple robberies reflects the need for a serious sentence in this case. And, before Armstrong committed these robbery offenses, he had a nearly unbroken record of criminal offenses and spent significant time in custody, only to continually re-offend.

The Court also considers the plea agreement and counts dismissed as a result of the plea bargaining process. See Bond, 56 F.4th 381. The Government contends Defendant benefitted significantly from the plea agreement that limited his punishment to the two section 924(c) sentences and resulted in the dismissal of a third section 924(c) charge and four Hobbs Act robbery charges — three substantive Hobbs Act robbery charges and one charge for conspiracy to commit Hobbs Act robbery. The parties bargained for Defendant's 384-month sentence, and the Government contends a reduction in sentence here would deny the United States the benefit of its bargain. The Court agrees. Indeed, at sentencing, defense counsel argued for imposition of the minimum sentences and informed the Court, "Had Mr. Armstrong been convicted at trial, I am convinced his sentence would have been life without parole under many different ways to analyze this case, and he understands that." (Doc. No. 107, p. 9). The violent nature of these dismissed counts

As for post-sentencing conduct, Defendant has received 39 disciplinary infractions while in custody with the Bureau of Prisons, including possessing a dangerous weapon, assault without serious injury, stealing, refusing work assignments, and engaging in sexual acts in the presence of female staff. Although Armstrong has completed numerous educational courses and work assignments, including obtaining his GED, and despite appearing to have the support of his

6

family,[1] this is insufficient to overcome his significant disciplinary record, which does not suggest Defendant is prepared to comply with the law. In other words, Defendant's post-sentencing rehabilitation and release plan does not justify a sentence reduction when weighed against the offense conduct, the conduct underlying the dismissed counts, the benefits conferred by the plea agreement, and the remaining factors set forth herein.

Having fully considered Defendant's arguments, together with the full record of this case in light of the § 3553(a) factors, the Court concludes the current sentence remains necessary to reflect the seriousness of the offense conduct, protect the public from further crimes of Defendant, provide specific and general deterrence, and to account for the significant benefits conferred on both parties by the plea agreement in this case.

### III. Conclusion

IT IS THEREFORE ORDERED that Defendant's "Amended Motion for Compassionate Release," (Doc. No. 134), is DENIED, and Defendant's Pro Se Motions for Compassionate Release, (Doc. Nos. 118, 123), which were superseded by the filing of the Amended Motion, ARE DENIED AS MOOT.

IT IS SO ORDERED.

Signed: April 5, 2023

_____
Frank D. Whitney
United States District Judge

---

[1] Defendant submitted a letter from his son in support of the Amended Motion. (Doc. No. 135-1).

7

Case 3:02-cr-00158-FDW   Document 138   Filed 04/06/23   Page 7 of 7