UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:02-CR-00158-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| TELLY SAVALAS ARMSTRONG, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Relief Pursuant to the First Step Act of 2018—'Statutory Change by the Congress' Sec 404(b) 'Resentencing,'" which was filed pro se. (Doc. No. 110). The Government responded in opposition, (Doc. No. 127), and this matter is ripe for ruling. Having carefully considered the motion and the record, the undersigned will DENY the motion.

Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. The Fourth Circuit explained in United States v. Wirsing that this definition of "covered offense" means that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) . . . are eligible" for a sentence reduction under section 404 of the First Step Act, unless they have already moved for relief under section 404 or they received the benefit of the Fair Sentencing Act when they were sentenced. 943 F.3d 175, 186 (4th Cir. 2019); see also Section 404(c) of the First Step Act, 132 Stat. at 5222. The Fourth Circuit held in United States v. Woodson that a defendant convicted

1

under the default punishment provision of 21 U.S.C. § 841(b)(1)(C) for possessing with intent to distribute crack cocaine has also been convicted of a "covered offense," because by increasing the drug-quantity thresholds of section 841(b)(1)(A)(iii) and (B)(iii), the Fair Sentencing Act also altered the default drug quantity that would place a defendant's offense in section 841(b)(1)(C) by increasing the drug-quantity threshold for that section. 962 F.3d 812, 816 (4th Cir. 2020).

Taken together, Wirsing and Woodson mean that any defendant convicted of a crack cocaine offense punishable by 21 U.S.C. § 841(b)(1) before the effective date of the Fair Sentencing Act is eligible for a sentence reduction under the First Step Act, unless he has already sought and been denied such a reduction or he received the benefit of the Fair Sentencing Act when he was originally sentenced. Armstrong was not convicted of a controlled-substances offense punishable by 21 U.S.C. § 841(b)(1). Instead, he was convicted of two firearm offenses punishable by 18 U.S.C. § 924(c). Armstrong was not, therefore, convicted of a covered offense, and he is not eligible for a sentence reduction under section 404 of the First Step Act.

**IT IS, THEREFORE, ORDERED** that Defendant's pro se "Motion for Relief Pursuant to the First Step Act of 2018 . . . Sec. 404(b)," (Doc. No. 110), is DENIED.

**IT IS SO ORDERED.**

Signed: May 2, 2023

Frank D. Whitney
United States District Judge