UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:02-CR-00158-FDW

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| TELLY SAVALAS ARMSTRONG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Reconsideration, (Doc. No. 145), of this Court's prior order denying his motion for compassionate release, (Doc. No. 138). In ruling on Defendant's motion for compassionate release filed by defense counsel, the Court concluded Defendant had demonstrated extraordinary and compelling reason for relief under § 3582(c)(1)(A) based on the sentencing disparity between the time Defendant was sentenced and the sentence that would be imposed if Defendant was sentenced today. The Court then considered the applicable § 3553(a) factors, including the bargained-for plea agreement in this case and Defendant's post-sentencing conduct, and concluded the sentence as imposed remains necessary. In the instant motion, Defendant—who appears pro se—seeks reconsideration of that Order and argues this Court "overlooked or misapprehended the law" in denying his motion for compassionate release.

The Court has reviewed Defendant's arguments in support of reconsideration, including the numerous cases cited within his motion, many of which granted a motion for compassionate release based on a court's prior "stacking" of sentences under 924(c). Those cases are factually distinguishable, particularly given Defendant's criminal history, the violent nature of the offense conduct, and the violent nature of the counts dismissed pursuant to the plea agreement. See United

1

States v. Reed, No. 1:13-CR-48, 2023 WL 2934917, at *5 (E.D. Va. Apr. 13, 2023) (denying motion for compassionate release despite sentencing disparity caused by changes in sentencing law for convictions under 18 U.S.C. 924(c); recognizing "Courts have found violent robbery sprees to be serious offenses that warranted denying compassionate release motions." (citing United States v. Thomas, 2021 WL 2379569, at *4 (E.D. Va. June 10, 2021); Yorkshire v. United States, 2021 WL 357351, at *4 (E.D. Va. Feb. 2, 2021)); United States v. Alston-Currie, No. 1:13-CR-214-1, 2022 WL 1173539, at *4 (M.D.N.C. Apr. 20, 2022) (denying motion for compassionate release notwithstanding sentencing disparity caused by changes in sentencing law for convictions under 18 U.S.C. 924(c); recognizing "Defendants serving stacked § 924(c) sentences are not automatically entitled to a sentence reduction under § 3582(c)(1)(A), and not all defendants convicted under § 924(c) should receive new sentences."); see also United States v. Crumitie, No. 1:06-CR-271, 2022 WL 1809312, at *4 (M.D.N.C. June 2, 2022) (recognizing that although the defendant would not be considered a career offender and a within-guidelines sentence would be "substantially shorter" if the defendant were sentenced today, that is "only one possible hypothetical result" in light of the plea agreement, the potential for the court to not impose a middle-of-the-range sentence, the violent crime committed by the defendant, and his "long criminal history of assaults and robberies").

**IT IS, THEREFORE, ORDERED** that the Motion for Reconsideration, (Doc. No. 145), is DENIED.

**IT IS SO ORDERED.**

Signed: June 7, 2023

Frank D. Whitney
United States District Judge